Sidore v 334 E. 5th St. (2019 NY Slip Op 05321)





Sidore v 334 E. 5th St.


2019 NY Slip Op 05321


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9583 160738/17

[*1]Micala Sidore, Plaintiff-Appellant,
v
334 East 5th Street, Defendant-Respondent.


The Law Offices of Sanford F. Young, P.C., New York (Sanford F. Young of counsel), for appellant.
Law Offices of Tromello, Fishman & Veloce, New York (Stephanie A. Johnson of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 28, 2018, which denied plaintiff's motion for summary judgment declaring that the number of shares of stock in defendant cooperative corporation allocated to her unit is 245, and, upon a search of the record, awarded defendant summary judgment dismissing the complaint, unanimously modified, on the law, to declare that the number of plaintiff's shares of stock is 300, and, as so modified, affirmed, without costs.
The court properly awarded defendant summary judgment, upon a search of the record, based on the doctrine of laches (see Capruso v Village of Kings Point, 23 NY3d 631, 641 [2014]). Based on the grant of summary judgment to defendant, defendant was entitled to a declaration that the number of shares of stock allocated to plaintiff's unit is 300. Plaintiff acceded to the terms of her proprietary lease and related share certificates, which allocate 300 shares to her unit, for at least 15 years, and may not now seek to avoid the terms of those instruments (see Schultz v 400 Coop. Corp., 292 AD2d 16, 20 [1st Dept 2002]). To the extent plaintiff argues that any amendment to the offering plan increasing the number of shares allocated to the unit was not proper, plaintiff is barred by laches from asserting such argument. Defendant is prejudiced by plaintiff's delay in raising this argument because the Attorney General no longer maintains copies of the amendments, which were filed in 1985 (see Matter of Linker, 23 AD3d 186, 189-190 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK